**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES SHARPLESS, an individual; and SUSAN SHARPLESS, an individual, <br><br>　　　　　　Plaintiffs, <br>　　vs. <br><br>GEICO GENERAL INSURANCE COMPANY, a Maryland Corporation, a GOVERNMENT EMPLOYEES INSURANCE COMPANY, dba GEICO; DOES I through inclusive; and ROE CORPORATIONS XI through XX, inclusive, <br><br>　　　　　　Defendants. | Case No.: 2:16-cv-00768-GMN-CWH <br><br>**ORDER** |

Pending before the Court is a Motion to Remand to State Court, (ECF No. 9), filed by Plaintiffs James Sharpless and Susan Sharpless ("Plaintiffs"). Defendant Geico General Insurance Company ("Defendant") filed a Response, (ECF No. 11), and Plaintiffs filed a Reply, (ECF No. 13). For the reasons discussed below, Plaintiffs' Motion to Remand is GRANTED.[1]

## I.　**BACKGROUND**

Plaintiffs originally filed their Complaint, (Pet. for Removal Ex. A ("Compl."), ¶¶ 8–15, ECF No. 1), in state court alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unfair trade practices, and loss of consortium. (Compl. ¶¶ 30–50). Plaintiffs served the Complaint and Summons on "Defendants' registered agent as listed on the Nevada Secretary of State's website" on March 7, 2016. (Mot. to Remand 4:10–11, ECF No. 9). When Defendant did not answer within the twenty days required by Nevada law, Plaintiffs

---

[1] Also pending before the Court is a Motion to Set Aside Default, (ECF No. 12), filed by Defendant. Because the Court grants Plaintiffs' Motion to Remand, (ECF No. 9), Defendant's Motion to Set Aside Default is hereby DENIED as moot.

filed for default against Defendant, which the Eighth Judicial District Court Clerk signed and entered on April 5, 2016. (*Id.* 4:13–16).

On April 6, 2016, Defendant removed the action, citing the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶¶ 1–2, 29). Specifically, Plaintiffs allege that they are citizens of Nevada, Defendant is a foreign entity, and the amount in controversy exceeds $75,000. (*Id.*). On May 3, 2016, Plaintiffs filed the instant Motion to Remand, (ECF No. 9).

## II. <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

District courts have subject matter jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III.  DISCUSSION

Plaintiffs move to remand the case back to state court because "Defendants [sic] let the time expire to file an Answer to the Complaint in state court" and therefore "defaulted before they [sic] filed the Notice of Removal." (Mot. to Remand 5:4–6, ECF No. 9).  Although the state court entered default against Defendant for failure to timely respond to the Complaint, (*see* Reply 4:6–11, ECF No. 13), Defendant argues that removal is nevertheless proper because Plaintiff's defective attempt to serve Defendant failed to trigger the removal period, (Resp. to Mot. to Remand 5:13–21, ECF No. 110).  Defendant alleges that service was improper because Plaintiffs failed to follow the applicable Nevada Revised Statute §§ 690A.260 and 680A.250, which specifically apply to service of insurers. (*Id.* 2:23–24, 5:14–17).  Alternatively, Defendant argues removal occurred within the federal thirty-day timeframe. (*Id.* 6:4–9).

Under Nevada Revised Statute §§ 680A.250–260, all insurance firms authorized in Nevada must appoint the state Insurance Commissioner as their "attorney to receive service of legal process" in Nevada. Nev. Rev. Stat. § 680A.250(1).  Service of process against a foreign or alien insurer must be made "only by service thereof upon the Commissioner," while service of a domestic insurer is proper in accordance either with the Nevada Rules of Civil Procedure or with §§ 680A.250–260. *Id.* at (3), (4).  Service of process is complete, under § 680A.260(2), when the Commissioner mails to the defendant, by certified mail, a copy of the process. Nev. Rev. Stat. Ann. § 680A.260(2); *Transamerica Ins. Co. v. C.B. Concrete Co.*, 669 P.2d 246, 247 (1983); *Pilot Trading Co. v. Hartford Ins. Grp.*, 946 F. Supp. 834, 836 (D. Nev. 1996).

Moreover, pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the United States Supreme Court interpreted the thirty-day window outlined in 28 U.S.C. § 1446(b) to begin once the defendant is notified of the action and brought under a court's authority by formal process. *See Murphy Bros.*, 526 U.S. at 347–48.

Here, Plaintiffs admit that Defendant was not served pursuant to Nevada Revised Statute §§ 680A.250 or 690A.260. (*See* Reply 3:24–25 ("There is no case law that says the statute [Nevada Revised Statute §§ 680A.250 or 690A.260] is superior to NRCP [Nevada Rules of Civil Procedure] for serving [an] insurer.  Thus, the [Nevada Revised Statute §§ 680] statutes would not govern.")).  Further, because Defendant is a Maryland corporation, (Compl. ¶ 2), Plaintiffs must serve Defendant pursuant to Nevada Revised Statute § 680A.250(3).  Therefore, Plaintiff did not properly serve Defendant.

Under the *Murphy Brothers* logic, the removal window has not begun until Plaintiffs properly serve Defendant by formal process.  Accordingly, Defendant is not yet a party to this action, and Defendant has no standing to remove.  Moreover, as Defendant has the burden of disproving the strong presumption against removal jurisdiction, it bears the burden of showing that it was, indeed, served properly in this action.  Defendant has shown the contrary.  Therefore, because Defendant was improperly served, the Court must remand this action to state court.

///

///

///

///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 9), is **GRANTED**.

**DATED** this __16__ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court